# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN ANTHONY BROWN,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN KEETON,<br><br>    Respondent. | Case No. EDCV 17-0841-CBM (JEM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY** |

On May 1, 2017, Norman Anthony Brown ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition").

**PRIOR PROCEEDINGS**

In June 1982, in Riverside County Superior Court, Case No. CR-19235, Petitioner was convicted of kidnapping, robbery, six counts of oral copulation, two counts of rape, and one count of rape with a foreign object. (Order Summarily Dismissing Successive Petition For Writ Of Habeas Corpus For Failure To Obtain Prior Authorization From The Ninth Circuit ("Dismissal Order"), filed April 4, 2014, in Brown v. Figuroa, Warden, Case No. EDCV 14-0466

CBM (AN), at 1.)[1] Petitioner was sentenced to 70 years in state prison. (Dismissal Order at 1; Petition at 2.)

In 1986, Petitioner filed in this Court a petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, Case No. CV 86-5637 CBM (B) ("1986 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235. The 1986 Petition was dismissed on the merits. (See Dismissal Order at 2.)

In 1990, Petitioner filed in this Court another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, Case No. CV 90-2494 WDK (B) ("1990 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235. The 1990 Petition was dismissed on the merits. (See Dismissal Order at 2.)

In 1994, Petitioner filed in this Court another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, Case No. CV 94-7399 JGD (GHK) ("1994 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235. The 1994 Petition was dismissed as an abuse of the writ. (See Dismissal Order at 2.)

In 1999, Petitioner filed in this Court another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, Case No. CV 99-9057 CBM (AN) ("1999 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235. The 1999 Petition was dismissed as an unauthorized successive petition. (See Dismissal Order at 2.)

In 2007, Petitioner filed in this Court another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, Case No. EDCV 07-0191 CBM (AN) ("2007 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior

---

[1] The Court takes judicial notice of the files and records in Brown v. Figuroa, Warden, Case No. EDCV 14-0466 CBM (AN), as well as the files and records in the other actions filed by Petitioner in this Court, which are referenced below. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); accord United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

Court Case No. CR-19235. The 2007 Petition was dismissed as an unauthorized successive petition. (See Dismissal Order at 2.)

In 2010, Petitioner filed in this Court another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, Case No. EDCV 10-1831 CBM (AN) ("2010 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235. The 2010 Petition was dismissed as an unauthorized successive petition. (See Dismissal Order at 2.)

In 2013, Petitioner filed in this Court another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, Case No. EDCV 13-1181 CBM (AN) ("2013 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235. The 2013 Petition was dismissed as an unauthorized successive petition. (See Dismissal Order at 2-3.)

In 2014, Petitioner filed in this Court another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, Case No. EDCV 14-0466 CBM (AN) ("2014 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235. The 2014 Petition was dismissed as an unauthorized successive petition. (See Dismissal Order at 1-5.)

On March 6, 2015, Petitioner filed in this Court another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, Case No. EDCV 15-0429 CBM (AN) ("March 2015 Petition"), challenging his 1982 conviction and/or sentence in Riverside County Superior Court Case No. CR-19235. The March 2015 Petition was dismissed as an unauthorized successive petition. (Order Summarily Dismissing Petition For Lack of Jurisdiction and Denying a Certificate of Appealability ("March 2015 Dismissal Order"), filed March 17, 2015, Brown v. Frink, Warden, Case No. EDCV 15-0429 CBM (JEM), at 1-6.)

On May 29, 2015, Petitioner filed in this Court another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, Case No. EDCV 15-1065-CBM (JEM) ("May 2015 Petition"), challenging his conviction and/or sentence in Riverside County Superior Court Case No. CR-19235. The May 2015 Petition was dismissed as an

unauthorized successive petition. (Order Summarily Dismissing Petition for Lack of Jurisdiction and Denying a Certificate of Appealability ("June 2015 Dismissal Order"), filed June 10, 2015, Brown v. Frink, Case No. EDCV 15-1065 CBM (JEM), at 1-6.)

On May 1, 2017, Petitioner filed the instant Petition, in which he challenges the same conviction and/or sentence at issue in the other habeas petitions identified above. (See Petition at 2-3.)

## DISCUSSION

The present Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶]
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts. In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

The instant Petition is a second or successive petition challenging Petitioner's conviction and/or sentence in Riverside County Superior Court Case No. CR-19235. "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." Magwood v. Patterson, 561 U.S. 320, 330-31 (2010). There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (internal quotation marks and citation omitted); accord Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam). Because the Petition is a "second or successive" petition, the Court lacks jurisdiction to consider the merits.[2] Accordingly, the Court will dismiss the Petition without prejudice to Petitioner filing a new action if and when he obtains permission to file a successive petition.[3]

---

[2] Ninth Circuit Rule 22-3(a) provides that "if an application for authorization to file a second or successive section 2254 petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." In this case, there is no indication that the instant Petition is actually an application for authorization to file a second or successive petition that was mistakenly filed here, and the Court declines to construe it as such. If Petitioner seeks authorization to file a successive habeas petition, he should submit his application directly to the Ninth Circuit Court of Appeals in compliance with Ninth Circuit Rule 22-3.

[3] If Petitioner obtains permission to file a second petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. When Petitioner files a new petition, the Court will give the petition a new case number.

## CERTIFICATE OF APPEALABILITY

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478.

The Court is dismissing the Petition without prejudice because it is a second or successive petition. Since the Petition is clearly a second or successive petition, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478.

## ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **dismissed without prejudice** for lack of jurisdiction;

2. A Certificate of Appealability is **denied**.

DATED: May 11, 2017

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE